IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TIMOTHY J. JAMES,**

                  **Plaintiff,**

                                           **CIVIL ACTION**
        **vs.**                                      **No. 06-3107-SAC**

**ROY DUNNAWAY, et al.,**

                  **Defendants.**

### ORDER

     Before the court is a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Jefferson County Detention Center in Oskaloosa, Kansas. Plaintiff alleges defendants are violating his constitutional right under the Equal Protection Clause by exposing him to second hand smoke, and seeks declaratory judgment and damages. Having reviewed plaintiff's allegations, the court finds a greater showing of plaintiff's exhaustion of administrative remedies is required to avoid dismissal of the complaint without prejudice under 42 U.S.C. § 1997e(a).

     The Prison Litigation Reform Act, signed into law on April 26, 1996, amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies

irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff states he did not receive an answer to the single grievance he submitted on February 16, 2006. This bare statement is insufficient. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"). Plaintiff does not identify the administrative procedure available at the county detention center, and fails to specify either the content of the grievance he submitted on February 16, 2006, or to whom the grievance was submitted.[1]

Because the language of 42 U.S.C. § 1997e(a) expressly requires full exhaustion of administrative remedies prior to a prisoner bringing a suit in the federal courts, the court grants plaintiff the opportunity to demonstrate his compliance with this statutory requirement. The failure to file a timely response may result in the complaint being dismissed without prejudice, and without further notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days from the date of this order to supplement his complaint to

---

[1] Plaintiff states he further mailed a complaint to the Kansas Department of Health and Environment, but received no response. This attempt to pursue relief outside the established administrative grievance procedure at the detention facility does not establish compliance with § 1997e(a).

avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 27th day of April 2006 at Topeka, Kansas.


                                          s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge